UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
                                                    :
                                                    :
                                                    :        25 Civ. 10641 (LGS)
*In Re: Elfand Organization LLC*,                   :
                                                    :        **ORDER**
                                        Debtor.     :
                                                    :
                                                    :
                                                    :
-------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on September 26, 2025, in the Chapter 11 bankruptcy proceeding of Debtor

Elfand Organization LLC, the bankruptcy court ordered that Debtor immediately surrender to 268

Metropolitan Ave LLC ("Landlord") certain nonresidential real property that Landlord had leased

to Debtor and further ordered that the automatic stay under section 362 of the Bankruptcy Code

be lifted to the extent necessary to permit Landlord to recover the property (the "Surrender

Order").  (Bankr. Dkt. No. 45).

WHEREAS, on September 30, 2025, the bankruptcy court ordered that the case be

converted to a Chapter 7 liquidation bankruptcy proceeding (the "Conversion Order").  (Bankr.

Dkt. No. 49).

WHEREAS, Debtor filed motions for reconsideration of those two Orders on October 10,

2025, and October 14, 2025, respectively.  (Bankr. Dkt. Nos. 53, 55).

WHEREAS, on November 20, 2025, the bankruptcy court denied both motions for

reconsideration.  (Bankr. Dkt. No. 61).  With respect to the Surrender Order, the bankruptcy court

noted that Debtor had failed to file a motion to assume or reject the lease for the property within

120 days after the bankruptcy petition was filed, as required by section 365(d)(4) of the

Bankruptcy Code, and also had not sought an extension of the 120-day deadline.  As a result, the

lease was deemed to have been rejected pursuant to section 365(d)(4), and Debtor was obligated

immediately to surrender the property to Landlord.  With respect to the Conversion Order, the bankruptcy court noted that it had converted the case in response to a motion by the Office of the United States Trustee (the "Trustee") to dismiss the case or, in the alternative, to convert it to a Chapter 7 case.  The Trustee's motion stated that Debtor had failed to make required filings, to appear at two creditor meetings that it was statutorily obligated to attend and to pay required fees. Debtor neither disputed these delinquencies nor filed a timely response to the Trustee's motion. The bankruptcy court held that these failures by Debtor constituted grounds for the conversion of the case.

WHEREAS, on December 5, 2025, Debtor filed in the bankruptcy court a Notice of Appeal of the November 20, 2025, denial of reconsideration, triggering the fourteen-day deadline for Debtor to file with the bankruptcy Clerk of Court and serve on the appellant its designation of the items to be included in the record on appeal and statement of the issues to be presented (the "Materials"), as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "FRBP").  (Bankr. Dkt. No. 64).

WHEREAS, Debtor did not file the Materials by the fourteen-day deadline, which was December 19, 2025.

WHEREAS, on December 23, 2025, the Notice of Appeal was docketed in the District Court in the above-captioned action.  (Dkt. No. 1).

WHEREAS, the District Court Order, dated December 29, 2025, stated that Debtor was required under FRBP 8009 to file the Materials, and that "[f]ailure to comply with this order and/or the time limits in Rules 8009 . . . will result in dismissal of the appeal."  (Dkt. No. 3). Though the deadline had already passed, the appeal was not yet dismissed.

WHEREAS, Debtor still did not file the Materials.  The District Court Order dated

2

February 4, 2026, stated that Debtor was required to file the Materials by February 10, 2026, and that "[i]f the appellant does not comply, the appeal will be dismissed." (Dkt No. 4).

WHEREAS, Debtor did not file the Materials by February 10, 2026. The appeal was dismissed on February 17, 2026. (Dkt. No. 5).

WHEREAS, on March 7, 2026, Debtor filed an untimely motion under FRBP 8022 seeking rehearing, vacatur of the dismissal and reinstatement of the appeal. The motion argues that relief from the dismissal is warranted under the "excusable neglect" standard because Debtor's delay in filing the Materials was the result of "personal hardship, holiday timing, and unfamiliarity with the dual-docket appellate structure" on the part of Debtor's counsel. (Dkt. Nos. 8, 8-1). This motion was not timely, as FRBP 8022 requires that such a motion be filed within fourteen days after the relevant judgment is entered, meaning the deadline was March 3, 2026.

The motion further notes that Debtor filed on the bankruptcy docket a motion for an extension of time to file the Materials (Bankr. Dkt. No. 68), along with the Materials, on February 18, 2026, "before learning of this Court's dismissal." (Dkt. No. 8). This motion also was untimely, as it was filed eight days *after* the February 10, 2026, deadline for filing the Materials set by the District Court Order. Further, as the bankruptcy court recognized in its February 27, 2026, Order denying the motion, the motion should have been made before the District Court. (Bankr. Dkt. No. 69). The District Court was not aware of the motion for extension until it was referenced in Debtor's March 7, 2026, motion to reinstate the appeal.

WHEREAS, on March 20, 2026, Debtor filed an emergency motion for an interim stay pending adjudication of the motion to reinstate the appeal due to a state court eviction proceeding scheduled for March 24, 2026. (Dkt. No. 11).

WHEREAS, the District Court Order dated March 20, 2026, denied both motions, and stated that the reasons for the denial of the March 7, 2026, motion to reinstate the appeal would follow.  (Dkt. No. 12).  This Order sets forth those reasons.

WHEREAS, as an initial matter, Debtor's motion to reinstate the appeal is denied as untimely under FRBP 8002.  However, even if the motion were construed as seeking relief "from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1) of the Federal Rules of Civil Procedure ("FRCP"), which is made applicable to bankruptcy cases by FRBP 9024, and which does not contain the same fourteen-day deadline, the motion would still be denied for the following reasons.

WHEREAS, courts within the Second Circuit examine the factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), to determine whether there is excusable neglect pursuant to FRCP 60(b)(1).  *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 365-66 (2d. Cir. 2003); *William v. City of N.Y.*, 727 F. App'x 30, 31 (2d Cir. 2018) (summary order).  These factors are (1) "the danger of prejudice to the debtor," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant" and (4) "whether the movant acted in good faith."  *Pioneer*, 507 U.S. at 395.

WHEREAS, the Second Circuit has clarified that "[t]he four *Pioneer* factors do not carry equal weight,"[1] and that a court should "focus[] on the third factor:  the reason for the delay, including whether it was within the reasonable control of the movant."  *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 122-23 (2d Cir. 2005).

---

[1]  Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

4

The Second Circuit has further stated that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule," and that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Id.* at 123.

WHEREAS, the third *Pioneer* factor -- "the reason for the delay" -- largely weighs against a finding of excusable neglect.  Debtor cites (1) "pre-planned travel" during the holiday season, (2) the need to "restructur[e] caseload across multiple matters," (3) "the terminal illness and death of an immediate family member" and (4) the fact that it was "counsel's first federal bankruptcy appeal" as the reasons that its counsel was delayed in filing the Materials.  (Dkt. No. 8).  However, reasons (1), (2) and (4) are insufficient to establish excusable neglect.  *See Chiulli v. I.R.S.*, No. 03 Civ. 6670, 2005 WL 2446233, at *2-3 (S.D.N.Y. Oct. 4, 2005) (denying motion for extension of time where plaintiffs claimed excusable neglect due to travel plans and noting that, "if personal preference or convenience were sufficient to take priority over the deadlines . . . all deadlines would become meaningless"); *Pioneer*, 507 U.S. at 398 (giving "little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the [deadline]"); *id.* at 392 ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect . . . .").

WHEREAS, while some delay due to the death of a family member is excusable, the extent of the delay in this case dovetails into the second *Pioneer* factor -- "the length of the delay" -- and weighs against a finding of excusable neglect.  Debtor failed to file the Materials until two months after the initial fourteen-day deadline, flouting two extensions in the meantime.  Further, Debtor's counsel did not identify the relevant family member, counsel's relationship to the family member or the date of the family member's death.

WHEREAS, particularly in light of the Second Circuit's guidance regarding parties who "fail[] to follow the clear dictates of a court rule," *Enron*, 419 F.3d at 123, Debtor has not met its burden of demonstrating excusable neglect under the *Pioneer* test. Accordingly, the motion to vacate the February 17, 2026, dismissal of the appeal fails even if the motion is construed as being under FRCP 60(b)(1) rather than FRBP 8022. It is hereby

**ORDERED** that for the reasons stated above, Debtor's motion for rehearing, vacatur of the dismissal and reinstatement of the appeal is **DENIED**. It is further

**ORDERED** that Debtor's motion for an emergency stay is **DENIED** as moot.

Dated: March 25, 2026
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

6